UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CYNTHIA GRAHAM PAYNE, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. C-09-208 |
| HUMANA MARKETPOINT, INC., | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on United States Magistrate Judge Brian L. Owsley's Memorandum and Recommendation to Grant Defendant's Motion for Summary Judgment (D.E. 59) and Plaintiff's Objections to Magistrate's Recommendation to Grant Defendant's Motion for Summary Judgment (D.E. 64). Having reviewed Magistrate Judge Owsley's recommendations, the findings of fact and conclusions of law therein, the pleadings on file, and Plaintiff's objections, and having made a de novo disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, the Court adopts as its own the findings and conclusions of the Magistrate Judge.

I.   INTRODUCTION

On January 11, 2011, United States Magistrate Judge Brian L. Owsely signed a Memorandum and Recommendation recommending that Defendant's Motion for Summary Judgment (D.E. 26) be granted and that this action be dismissed with prejudice in all respects. On

January 31, 2011, Plaintiff filed her Objections to Magistrate's Recommendation to Grant Defendant's Motion for Summary Judgment. (D.E. 64.)  Although Plaintiff failed to file her objections within fourteen days as required by 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b)(2), Plaintiff filed an Emergency Motion for Extension of Time to File Objections on January 27, 2011, and Senior United States District Judge Hayden Head granted an extension until January 31, 2011. (D.E. 62 and 63.)  Pursuant to FED. R. CIV. P. 6(b), a court may grant an extension of time for good cause; therefore, the Court will consider de novo those portions of the Magistrate Judge's recommended disposition to which Plaintiff filed objections. (D.E. 64.)  The Court additionally considers Defendant's Response to Plaintiff's Objections (D.E. 65), Plaintiff's Reply (D.E. 68), and Plaintiff's Supplement to Objections to Magistrate's Recommendation to Grant Defendant's Motion for Summary Judgment (D.E. 69.)

Plaintiff agrees with many of Magistrate Judge Owsley's recommendations. (D.E. 64 at 2.) The Court adopts these uncontested findings of fact and conclusions of law as its own.  Plaintiff, however, objects to several of the Magistrate Judge's recommendations and seeks de novo review of these matters: (*1*) Whether Defendant demonstrated a legitimate, non-discriminatory reason for firing Plaintiff (D.E. 59 at 25–32); (*2*) Whether Plaintiff failed to provide evidence that Defendant's legitimate, non-discriminatory explanation for her termination was pretextual (D.E. at 32–40); and (*3*) Whether Plaintiff failed to show but for causation between her sexual harassment complaint against Mr. Fierro and her subsequent termination (D.E. 59 at 41–42).  The Court consider's each of these objections individually in Section II-B below.  First, however, a brief discussion of the summary judgment standard is necessary, as Plaintiff complains that the Magistrate Judge applied an improper standard. (D.E. 64 at 3.)

## II.     ANALYSIS

### A.     Plaintiff's Objections to the Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In reaching its decision, the Court must consider the affidavits, depositions, declarations, stipulations, and other documents presented to the Court in the light most favorable to the non-movant. *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Judwin Props., Inc., v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992).

The movant has the initial burden of showing that there is no genuine issue of material fact and that he or she is entitled to a judgment as a matter of law. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant's initial burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the burden then shifts to the non-moving party to demonstrate that summary judgment is not appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Rivera*, 349 F.3d at 247; *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

In meeting this burden, the non-movant cannot merely rest on the allegations of the

pleadings, but must establish that there are material, controverted facts precluding summary judgment. *Anderson*, 477 U.S. at 248–49. Additionally, the non-movant's burden is not satisfied by showing "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment"). Accordingly, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. Where the non-movant fails to present evidence to support her claims, there can be no genuine issue of material fact because a complete failure of proof on an essential matter for which the non-movant bears the burden of proof renders all other issues immaterial. *Id.* at 323.

Plaintiff argues that the Magistrate Judge failed to follow this standard by improperly weighing the summary judgment evidence and neglecting to draw all reasonable inferences in her favor. (D.E. 64 at 1.) Plaintiff urges that "Defendant may prevail on its motion for summary judgment only if, after construing all facts in favor of the Plaintiff and indulging all inferences favorable to the Plaintiff, there is an absence of sufficient evidence to support Plaintiff's claims." (D.E. 64 at 3.) Plaintiff argues that under this standard, Magistrate Judge Owsley was required to infer a discriminatory intent by Defendant based on the pretextual nature of the reason given for Ms. Payne's termination, as well as the timing of the termination. (D.E. 64 at 3–4.) The Court disagrees. While *Reeves v. Sanderson Plumbing Prods., Inc.*, 533 U.S. 133, 147–48 (2000) permits a factfinder to infer discriminatory intent where the plaintiff provides evidence that the reason given

for the termination was pretextual, it does not relieve Plaintiff of her burden to come forward with evidence establishing those elements on which she bears the burden of proof at trial. In other words, Plaintiff cannot simply sit back and rely on the conclusory allegations and unsupported speculations in her personal affidavit to defeat Defendant's Motion for Summary Judgment. A jury is not required to make improbable inferences in Plaintiff's favor; rather, it is permitted to make reasonable inferences based on the evidence. In sum, the Court concludes that Magistrate Judge Owsley applied the correct summary judgment standard.

### B. Plaintiff's Objections to Magistrate Judge's Recommendations

Magistrate Judge Owsley determined that Plaintiff's conclusory allegations and unsubstantiated assertions were not sufficient to put this case before a jury. (D.E. 59.) Plaintiff objects to this conclusion, arguing that Magistrate Judge Owsley ignored certain evidence, that when viewed in the light most favorable to her, establishes that the reasons given by Defendant Humana for terminating Ms. Payne were not legitimate, but false and pretextual, and that the evidence provides but for causation. (D.E. 64 at 4–5.) The Court considers these specific issues de novo.

*1. Whether Defendant Demonstrated That It Possessed a Legitimate, Non-Discriminatory Reason for Terminating Plaintiff's Employment*

Magistrate Judge Owslery concluded that Plaintiff stated a prima facie case of retaliation. (D.E. 59 at 21–25.) Plaintiff does not object to this conclusion. Once a plaintiff states a prima facie case for retaliation, the burden shifts to the defendant to demonstrate a legitimate, non-discriminatory reason for the termination. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). Magistrate Judge Owsley concluded that Defendant Humana met its burden by offering substantial evidence that Plaintiff was fired from her position for distributing marketing materials prohibited by company policy designed to prevent a violation of government regulations

promulgated by the Center for Medicare and Medicaid Services (CMS), after having been placed on probation for a similar violation. (D.E. 25–31.) Plaintiff objects to this conclusion. Plaintiff argues that Humana failed to meet its burden of production to present evidence demonstrating that the company possessed a legitimate, non-discriminatory reason for Ms. Payne's termination, or at a minimum, the evidence before the Court creates a genuine issue of material fact precluding summary judgment. (D.E. 64 at 2–5.)

Defendant's burden on this issue is one of production, not persuasion, and therefore, the Court does not have to weigh the evidence or consider witness credibility. *Reeves*, 530 U.S. at 142; *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993) ("determination that a defendant has met its burden of production . . . can involve no credibility assessment"). Having reviewed the evidence, the Court concludes that Defendant met its burden of production. The affidavits, e-mails, memoranda, and other evidence available to the Court clearly demonstrate the existence of a legitimate, non-discriminatory reason for Ms. Payne's termination. Plaintiff argues that the Court should disregard this evidence and submit the matter to a trier of fact because Defendant's witnesses were interested and the evidence presented by Plaintiff casts doubt on the legitimacy of Humana's stated reason for Ms. Payne's termination. However, as Defendant's burden was only one of production, not persuasion, there is no genuine issue of material fact that requires submission of this matter to a trier of fact. *See Anderson*, 477 U.S. at 248; *Judwin Props., Inc.*, 973 F.2d at 435. The Court therefore adopts Magistrate Judge Owsley's recommendation that Defendant met its burden of production and successfully articulated a legitimate, non-discriminatory reason for terminating Plaintiff. (D.E. 59 at 25–31.)

2. *Whether Plaintiff Failed to Show That Defendant Humana's Stated Reason for Terminating Her Employment Was Pretextual*

Once the defendant articulates a legitimate, non-discriminatory reason for the employee's termination, the burden then shifts back to the plaintiff to demonstrate that the employer's stated reason is pretextual and unworthy of credence, and that the termination was actually the result of unlawful discrimination. *See Reeves*, 530 U.S. at 142–43; *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (per curiam); *Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 370 (5th Cir. 1997); *Long v. Eastfield Coll.*, 88 F.3d 300, 304–05 (5th Cir. 1996). Plaintiff argues that there is a genuine issue of material fact regarding whether the reason given by Humana for Ms. Payne's termination was pretextual. (Doc. 64 at 2–3.) Citing to *Reeves*, 530 U.S. at 147, Plaintiff points out that a trier of fact can infer from circumstantial evidence—such as an employer's explanation for terminating an employee that is unworthy of credence—that the termination was actually based on intentional discrimination. (D.E. 64 at 3.) Plaintiff argues that Magistrate Judge Owsley wholly ignored the evidence presented in Ms. Payne's affidavit demonstrating the falsity of Defendant's explanation and improperly engaged in a weighing of the summary judgment evidence by failing to draw all reasonable inferences in Plaintiff's favor; and when this evidence is properly viewed in the light most favorable to Plaintiff, there exist genuine issues of material fact that must be put before a jury. (D.E. 64.)

Plaintiff's Response to Defendant's Motion for Summary Judgment consisted of an affidavit by Ms. Payne and the memorandum she was provided by Humana after her original violation of company policy, titled "Competency & Contribution Improvement Plan." (D.E. 42.) Plaintiff argues that this evidence is sufficient to show a genuine issue of material fact. (Doc. 64 at 4.) Additionally, Plaintiff argues that the evidence of Defendant's interested witnesses should be ignored by the

7

Court. (Doc. 64 at 6.) Plaintiff intimates that Humana's decision to terminate her was based on the company's desire to protect Mr. Fierro and punish Plaintiff for being a whistle-blower. Plaintiff's argument, however, ignores the fact that it was not entirely Mr. Tompkin's decision to terminate Ms. Payne, but her termination was also recommended by Carrey Colson, Director of Sales Administration and Compliance, and Kyra Ellis-Brown, Risk Advisor for Sales Administration and Compliance, neither of whom were aware of the sexual harassment complaint Ms. Payne had filed. (D.E. 27-1, Ex. A, ¶¶ 12–14; D.E. 40-1, Ex. R, ¶¶ 6–8.) Plaintiff further asserts in her affidavit and objections that the use of the unapproved marketing materials did not constitute a violation of Humana or CMS regulations, and therefore, the company possessed no legitimate grounds to fire her. (D.E. 42 and 64.) Plaintiff argues that a jury should be permitted to hear her case and infer discriminatory intent based on the pretextual nature of the alleged policy violations for which she was terminated and the timing of her termination. Plaintiff's allegations, however, are directly controverted by Defendant's substantial evidence.

A dispute over a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Judwin Props., Inc.*, 973 F.2d at 435. In demonstrating a genuine issue of material fact, Plaintiff cannot merely rest on the allegations of her pleadings. *Anderson*, 477 U.S. at 248–49. Thus, Plaintiff's burden is not satisfied by merely showing "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis*, 61 F.3d at 315; *see also Brown*, 337 F.3d at 541. Plaintiff's affidavit contains nothing more than unsupported speculation that she was discriminated against. Plaintiff therefore failed to provide evidence that Humana's stated reason for her termination was pretextual and her termination was the result of unlawful

discrimination—an essential issue to her case for which she bears the burden of proof. Consequently, Plaintiff has not shown a genuine issue of material fact for a trier of fact, and summary judgment is appropriate. *See Celotex*, 477 U.S. at 322–23. Wherefore, having made a de novo disposition of this matter, the Court adopts Magistrate Judge Owsley's recommendations. (D.E. 59 at 32–40.)

> *3. Whether Plaintiff Demonstrated But For Causation Between Her Sexual Harassment Complaint and Termination*

Lastly, Plaintiff bears the burden of proof on the issue of whether her complaint of sexual harassment against Mr. Fierro was the but for cause of her termination with Humana. *Long*, 88 F.3d at 305; *McDaniel v. Temple Indep. Sch. Dist.*, 770 F.2d 1340, 1346 (5th Cir. 1985). As discussed above, Plaintiff has failed to present any evidence, beyond the conclusory allegations and unsubstantiated assertions of her affidavit, that her termination was not based on the marketing violations claimed by Humana. Nevertheless, Plaintiff asserts that the matter should go before a jury, which can reasonably infer discriminatory intent from the timing of the event and the falsity of Defendant's explanation. (D.E. 64 at 3–4.) In the case at hand, however, there is simply not sufficient evidence from which a reasonable jury could conclude that Humana's proffered reason for Ms. Payne's termination was pretextual and that discrimination was the true reason for her termination. *See Walton*, 119 F.3d at 372. Accordingly, the Court concludes that Plaintiff has failed to demonstrate a genuine issue of material fact precluding summary judgment and adopts Magistrate Judge Owsley's recommendations with regard to but for causation. (D.E. 59 at 41–42.)

## III. CONCLUSION

Having reviewed the Memorandum and Recommendation to Grant Defendant's Motion for Summary Judgment (D.E. 59) prepared by Magistrate Judge Owsley, and the findings of fact and

conclusions of law therein, as well as the pleadings on file and petitioner's objections, and having made a de novo disposition of those portions of the Magistrate Judge's recommendations to which objections were raised, *see Koetting v. Thompson*, 995 F.2d 37 (5th Cir. 1993), 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), the Court adopts as its own the findings and conclusions of the Magistrate Judge.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment (D.E. 26) is **GRANTED,** and the action is **DISMISSED WITH PREJUDICE**.

**SIGNED** this 14th day of September 2011.

*[signature]*
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**